UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

JOSE MARTINEZ, ET AL.,

          Defendants.

**DECISION AND ORDER**
10-CR-233S (1)(2)(4)(5)

## I. INTRODUCTION

Presently before this Court are Motions to Dismiss the indictment brought by Defendants Angel Luis Marcial and Jose Martinez, and joined by the other defendants, Felix J. Vasquez and Carlos A. Canales. (Docket Nos. 415 and 420.) Both motions seek dismissal of the indictment based on defects in the grand jury proceedings: Marcial alleges that the government misled the grand jury concerning his relationship with Martinez; Martinez alleges that the grand jury's return of the indictment was secured by prosecutorial misconduct. The government maintains that its presentation to the grand jury was free from error and that the grand jury properly returned the indictment.

For the following reasons, Defendants' motions are denied.[1]

## II. BACKGROUND

Defendants are charged in a 6-count indictment.

In Count 1, Martinez alone is charged with conspiring to possess with intent to distribute, and to distribute, 500 grams or more of cocaine, and to manufacture, possess

---

[1]This Court denied similar Motions to Dismiss brought earlier in this case by Defendants Marcial and Vasquez. (See Docket Nos. 346 and 375.)

with intent to distribute, and to distribute, 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846.

In Counts 2-6, each Defendant is charged with federal crimes relating to the death of Quincy Turner.

Count 2 charges Defendants with conspiring to kill Turner to prevent him from communicating information to a federal law enforcement officer about the drug conspiracy involving Martinez charged in Count 1, in violation of 18 U.S.C. § 1512(k).  Count 3 charges Defendants with killing Turner on May 30, 2008, to prevent him from communicating information to a federal law enforcement officer about the drug conspiracy involving Martinez charged in Count 1, in violation of 18 U.S.C. §§ 1512(a)(1)(C), 1512(a)(3)(A), and 2.

Count 4 charges Defendants with conspiring to kill Turner in retaliation for Turner providing information to law enforcement, in violation of 18 U.S.C. §§ 1513(f) and 1513(a)(2)(A).  Count 5 charges Defendants with killing Turner on May 30, 2008, in retaliation for Turner providing information to law enforcement, in violation of 18 U.S.C. §§ 1513(a)(1)(B), 1513(a)(2)(A), and 2.

Count 6 charges Defendants with using, carrying, and discharging firearms in furtherance of the crimes charged in Counts 1-5, and causing the death of a person through use of a firearm by killing Turner with a firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2.

### III.  DISCUSSION

**A.     Proceedings Before the Grand Jury**

The grand jury is its own constitutional fixture, separate from all three branches of government.  See United States v. Williams, 504 U.S. 36, 47, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992).  It acts as a referee of sorts between the government and the people.  Id. at 47.  It has broad investigative power and can "investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not."  United States v. R. Enters., Inc., 498 U.S. 292, 297, 111 S.Ct. 722, 726, 112 L.Ed.2d 795 (1991).  The grand jury can keep secret the targets of its investigation, can rely on evidence obtained in violation of the Fourth and Fifth Amendments, and can consider hearsay testimony.  See United States v. Calandra, 414 U.S. 338, 346, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).  The judiciary's relationship with the grand jury is largely administrative and supervisory — convening the body, administering oaths, issuing subpoenas — but courts do retain authority to dismiss returned indictments.  See id. at 48.

Dismissal of an indictment because of defects in grand jury proceedings is "the most drastic remedy, and thus is rarely used."  United States v. Dyman, 739 F.2d 762, 768 (2d Cir. 1984).  Courts may, however, remedy misconduct before the grand jury that prejudices a defendant when prosecutors violate one of the "few, clear rules which were carefully drafted and approved by [the United States Supreme Court] and by Congress to ensure the integrity of the grand jury's functions."  United States v. Mechanik, 475 U.S. 66, 74, 106 S.Ct. 93, 89 L.Ed.2d 50 (1986)(O'Connor, J. concurring); Bank of Novia Scotia v. United States, 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1998) ("as a general matter,

a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants").  Dismissal is appropriate "'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Novia Scotia, 487 U.S. at 256 (quoting Mechanik, 475 U.S. at  78).

## B.    The Motions to Dismiss

In its trial brief, the government suggests that Martinez and Marcial remained associated after meeting at a federal correctional institution while each served federal prison sentences, and it was perhaps this association that resulted in Martinez allegedly soliciting Marcial to find individuals who would accept a contract to kill Turner.  (Docket No. 388.)  Marcial maintains that the government misled the grand jury concerning his relationship with Martinez.  Marcial argues that the testimony presented to the grand jury on this issue by Detective Brad Knight and Evelyn Cruz improperly left the grand jury with the impression that Marcial and Martinez formed a long-lasting bond while in prison.

In his motion, Martinez claims that the prosecutor engaged in prosecutorial misconduct by asking improper questions to elicit misleading testimony that poisoned the minds of the grand jurors.

It is well settled that a properly-returned indictment cannot be challenged on the basis that inadequate or incompetent evidence was presented to the grand jury.  See Costello v. United States, 350 U.S. 359, 363-64, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Williams, 487 U.S. at 261 (holding that "the mere fact that evidence itself is unreliable is not sufficient to require a dismissal of the indictment").  Further still, the United States

Supreme Court has warned that "[a] complaint about the quality or adequacy of the evidence can always be recast as a complaint that the prosecutor's presentation was 'incomplete' or 'misleading.'" Williams, 504 U.S. at 54.

This is what the defendants argue here. They complain about the adequacy and competency of the evidence presented and they do so under the guise that it is misleading and unfairly prejudicial. Entertaining such challenges "would run counter to the whole history of the grand jury institution, and neither justice nor the concept of a fair trial requires it." Id. at 54-55 (citing Costello, 350 U.S. at 364).

Here, even if Defendants' arguments were not foreclosed as challenges to the adequacy and competence of the evidence presented to the grand jury, Marcial has made no showing that the prosecutor misled the grand jury concerning his relationship with Martinez. This Court has reviewed the grand jury testimony upon which Marcial relies and finds that nowhere therein is there testimony substantiating Marcial's claim that the government misled the jury into believing that Marcial and Martinez formed a long-lasting bond after meeting in jail. Marcial has therefore failed to establish that dismissal of the indictment is warranted.

Similarly, this Court has reviewed the grand jury proceedings relied upon by Martinez and finds that the prosecutor did not ask improper questions that elicited misleading testimony to intentionally poison the minds of the jurors. Martinez's motion fails to acknowledge that, because it was initially seeking a sentence of death for each defendant, the government was required to provide the grand jury with evidence from which it could make certain required findings. See 18 U.S.C. §§ 3591, 3592. Nothing else about the prosecutor's presentation to the grand jury requires the drastic remedy of

5

dismissing the indictment.  See Dyman, 739 F.2d at 768.

Accordingly, this Court finds that Defendants have failed to establish that prosecutors violated one of the "few, clear rules which were carefully drafted and approved by [the United States Supreme Court] and by Congress to ensure the integrity of the grand jury's functions," Mechanik, 475 U.S. at 74, or that prosecutors acted in a way that "'substantially influenced the grand jury's decision to indict.'" Bank of Novia Scotia, 487 U.S. at 256 (quoting Mechanik, 475 U.S. at  78).  Defendants' motions to dismiss this indictment are therefore denied.

## IV.  CONCLUSION

Dismissal of an indictment is appropriate "'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Novia Scotia, 487 U.S. at 256 (quoting Mechanik, 475 U.S. at  78).  Defendants have established neither basis for dismissal.  Consequently, for the reasons stated above, Defendants' motions to dismiss the indictment are denied.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendants' Motions to Dismiss the Indictment (Docket Nos. 415 and 420) are DENIED.

SO ORDERED.

Dated:   May 6, 2014
          Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court