UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JOSE MARTINEZ,

            Defendant.

**DECISION AND ORDER**
10-CR-233S (1)

On July 11, 2014, a jury convicted Defendant Jose Martinez of conspiring, in violation of 21 U.S.C. § 846, to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). Just over two years later, on August 24, 2016, this Court sentenced Martinez to life in prison.

On May 29, 2020, this Court received a letter from Martinez, dated May 10, 2020, requesting that counsel be appointed to assist him in preparing a motion to collaterally attack his conviction and sentence under 28 U.S.C. § 2255. (Docket No. 690.) Martinez did not include any details concerning the basis for such a motion nor had a § 2255 motion in any form been filed. For those reasons, this Court denied Martinez's motion without prejudice. (Docket No. 689.)

Thereafter, Martinez's appellate counsel, Jillian S. Harrington, Esq., filed two letters requesting assignment under the Criminal Justice Act for purposes of preparing Martinez's § 2255 motion. (Docket Nos. 691, 692.) Each of those letters was rejected as procedurally defective, and counsel did not re-file as directed.

1

Next, by letter dated July 6, 2020, Martinez filed another *pro se* motion requesting that Ms. Harrington be assigned to represent him. (Docket No. 693.) Ms. Harrington then filed a conforming motion to appoint counsel on July 14, 2020. (Docket No. 694.) For the reasons that follow, the motions to appoint counsel are granted.

There is no constitutional right to representation by counsel in a *habeas corpus* proceeding. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993). By statute, however, a court may appoint counsel in a § 2255 proceeding if an individual is financially eligible for appointed counsel and the interests of justice so require. See 28 U.S.C. § 2255 (g) (permitting the appointment of counsel under standard set forth in 18 U.S.C. § 3006A); 18 U.S.C. § 3006A (a)(2)(B) (permitting the appointment of counsel in § 2255 cases).

To determine whether the interests of justice require the appointment of counsel, district courts consider several factors: "the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case." Toron v. United States, 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003) (citing Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1985)).

Here, this Court finds that Martinez is financially eligible for assignment of counsel and that assignment of counsel is in the interests of justice. As explained in Ms. Harrington's motion, Martinez raised complex issues in his unsuccessful direct appeal and intends to raise some version of those arguments in his § 2255 motion. See United States v. Jose Martinez, 769 F. App'x. 12 (2d Cir. 2019). Moreover, given his incarceration and limited language capabilities, Martinez is incapable of effectively

2

investigating and presenting his own motion. Further, because Martinez is serving a life sentence, the interests of justice require a full and fair presentation of his arguments on collateral attack. Finally, although Ms. Harrington is not a member of the local CJA Panel, she is a member of the Second Circuit CJA panel and is familiar with this complicated case and willing to further represent Martinez. Consequently, for all of these reasons, this Court will grant the motions to appoint Ms. Harrington as counsel for purposes of Martinez's anticipated § 2255 motion.

IT HEREBY IS ORDERED, that the Motions to Appoint Counsel (Docket Nos. 693, 694) are GRANTED.

FURTHER, that consistent with the above, Jillian S. Harrington, Esq., is hereby APPOINTED to represent Martinez under 28 U.S.C. § 2255 (g) and 18 U.S.C. § 3006A (a)(2)(B).

SO ORDERED.

Dated:  July 15, 2020
        Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
