UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                                    **DECISION AND ORDER**
                                                                                              10-CR-233S (1)
JOSE MARTINEZ,

                    Defendant.

## I. INTRODUCTION

Presently before this Court is a Motion for Compassionate Release by Defendant Jose Martinez, which the government opposes. See 18 U.S.C. § 3582 (c)(1)(A). For the reasons below, Martinez's motion is denied.

## II. BACKGROUND

On July 11, 2014, a federal jury convicted Martinez of conspiring, in violation of 21 U.S.C. § 846, to possess with intent to distribute, and to distribute, 500 grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A), and (b)(1)(B). See Docket Nos. 526, 530, 630. Just over two years later, on August 24, 2016, this Court sentenced Martinez to life in prison. See Docket Nos. 628, 630. During the sentencing proceedings, this Court found that Martinez's relevant conduct included the murder of Quincy Turner, who Martinez had killed because he believed he was cooperating with law enforcement. See United States v. Martinez, 10-CR-233S (1), 2016 WL 4425041, at *2-6 (W.D.N.Y. Aug. 22, 2016) (resolving objections to the presentence investigation report). On April 25, 2019, the Second Circuit affirmed Martinez's conviction and sentence. See United States v. Martinez, 769 F. Appx. 12 (2d

1

Cir. Apr. 25, 2019). Martinez is presently serving his life sentence at Pollock USP.[1]

On October 29, 2021, Martinez filed a pro se motion seeking compassionate release (sentence reduction) under 18 U.S.C. § 3582 (c)(1)(A)(i). See Docket Nos. 712, 717, 723, 724, 726, 729, 731. He also seeks a hearing. See Docket Nos. 723, 732. Martinez argues that release is warranted because (1) the Bureau of Prisons is inadequately treating his medical conditions, and (2) he is the only family member available to care for his elderly and ailing mother. The government opposes the motions. See Docket No. 722.

### III. DISCUSSION

**A.    Compassionate Release under 18 U.S.C. § 3582 (c)(1)(A)(i)**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). One such statute is 18 U.S.C. § 3582 (c)(1)(A)(i) which, as amended by the First Step Act of 2018,[2] provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 6, 2022).

[2] Congress amended 18 U.S.C. § 3582 (c)(1)(A) in the First Step Act of 2018 to allow prisoners to bring their own motions for compassionate release. See Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The previous version of the statute permitted only the Bureau of Prisons to bring compassionate-release motions. See, e.g., United States v. Monzon, No. 99 Cr. 157, 2020 WL 550220, at *1 n.1 (S.D.N.Y. Feb. 4, 2020) (explaining the First Step Act amendment); United States v. Gotti, 433 F. Supp. 3d 613, 614-15 (S.D.N.Y. 2020) (same).

2

>of imprisonment), after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute. See United States v. Ebbers, 432 F. Supp. 3d 421, 426-27 (S.D.N.Y. 2020). A defendant proceeding on his or her own motion may meet that burden by demonstrating (1) that he or she satisfied the statutory exhaustion requirement, (2) that extraordinary and compelling reasons exist for a sentence reduction, and (3) that a sentence reduction is warranted after consideration of the applicable 18 U.S.C. § 3553 (a) factors and consistent with any applicable Sentencing Guidelines provisions. See 18 U.S.C. § 3582 (c)(1)(A)(i); United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020); United States v. Gileno, 448 F. Supp. 3d 183, 185 (D. Conn. 2020).

The statutory exhaustion requirement is not jurisdictional, but rather, is a claim-processing rule that may be waived or forfeited by the government. See United States v. Saladino, 7 F. 4th 120, 121-124 (2d Cir. 2021) (per curiam). If invoked, however, the exhaustion requirement must be enforced because it is a mandatory claim-processing rule. See id. at 125 (Menashi, J., concurring); see also United States v. Schultz, 454 F. Supp. 3d 217, 223-24 (W.D.N.Y. 2020). The exhaustion requirement is met when the earlier of two circumstances occurs: (1) the defendant fully exhausts all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf,[3] or (2) 30 days lapse from the date the warden

---

[3] The Scparta court explained the administrative process before the Bureau of Prisons as follows:
>First, an inmate must request the warden of her facility to file a

3

of the defendant's facility receives the defendant's request to file such a motion on his or her behalf.  See 18 U.S.C. § 3582 (c)(1)(A).

Congress initially delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582 (c)(1)(A)(i).  See 28 U.S.C. § 994 (t).  The Commission, in turn, promulgated a Policy Statement concerning sentence reductions under 18 U.S.C. § 3582 (c)(1)(A) in § 1B1.13 of the United States Sentencing Guidelines.  The Commentary to that section contains four examples of circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction: "Medical Condition of the Defendant"; "Age of the Defendant"; "Family Circumstances"; and "Other Reasons".  See U.S.S.G. § 1B1.13, Application Notes.

But notably, the Second Circuit has held that U.S.S.G. § 1B1.13 is inapplicable to compassionate release motions brought directly by defendants, such as this one, and no longer constrains a district court's consideration of what qualifies as extraordinary and compelling reasons for purposes of such motions.  See United States v. Brooker, 976 F.3d 228, 234-37 (2d Cir. 2020) (holding that U.S.S.G. § 1B1.13 applies only to motions

---

compassionate-release motion on her behalf.  28 C.F.R. § 571.61 (a).  Second, if the warden denies the prisoner's request, she has 20 days to appeal to the BOP's Regional Director.  Id. § 571.63 (a) (providing that denials of compassionate-release requests are governed by the BOP's general Administrative Remedy Program, contained in 28 C.F.R. §§ 542.10-542.19); id. § 542.15 (a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response.").  Third, if the Regional Director denies the prisoner's request, she then has 30 days to appeal to the BOP General Counsel.  Id. § 542.15 (a).  A decision from the General Counsel is the final step in the BOP's Administrative Remedy Program, id., and therefore "constitutes a final administrative decision," id. § 571.63 (b).

United States v. Scparta, 18-cr-578 (AJN), 2020 WL 1910481, at *7 (S.D.N.Y. Apr. 20, 2020).

4

brought by the Bureau of Prisons). The circuit court further held that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." Id.; see also United States v. Jones, 17 CR 214 (CM), 2021 WL 4120622, at *1-2 (S.D.N.Y. Sept. 9, 2021).

As to the required consideration of the 18 U.S.C. § 3553 (a) factors, they include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553 (a). Included in this calculus is whether the defendant may pose a danger to the safety of any person or to the community if released (the need to protect the public from future crimes).

Finally, district courts have broad discretion in deciding whether to grant or deny motions for sentence reduction. See Gileno, 448 F. Supp. 3d at 186.

B.  **Martinez's Motion for Compassionate Release**

   **1. Exhaustion of Administrative Rights**

As indicated above, 18 U.S.C. § 3582 (c)(1)(A) contains a threshold exhaustion requirement. To satisfy this requirement, a defendant must demonstrate that either (1) he or she fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion to modify an imposed term of imprisonment on his or her behalf, or (2) 30 days have lapsed from the date the warden of the defendant's facility received

the defendant's request to file such a motion on his or her behalf. See 18 U.S.C. § 3582 (c)(1)(A).

Here, the record reflects that Martinez has exhausted his administrative rights, and the government does not contend otherwise. See Government Response, Docket No. 722, Exhibit A (containing Martinez's administrative exhaustion records); id. p. 4 (setting out exhaustion). This Court therefore finds that exhaustion is complete.

### 2. Extraordinary and Compelling Reasons for Sentence Reduction

Martinez principally contends that the Bureau of Prisons' alleged failure to properly treat his eye and back conditions is an extraordinary and compelling reason to grant his request for a sentence reduction and order his release. He also maintains that release is warranted because he is the only person available to care for his 85-year-old ailing mother. Neither of these arguments is compelling.

Martinez first maintains that the Bureau of Prisons has inadequately treated his eye and back conditions (at several different facilities), resulting in significant loss of vision and degeneration of his lumbar spine. The government concedes that Martinez suffers from glaucoma and back pain but maintains that he is being adequately treated. Indeed, the medical records document consistent treatment of Martinez's conditions and responses to his medical complaints, albeit not necessarily to Martinez's satisfaction. The Bureau of Prisons has consistently provided treatment, sent Martinez to specialists, scheduled him for medical procedures, and worked to address his complaints. Whether there has been negligence, misdiagnosis, or simple disagreement over proper treatment, nothing in the record demonstrates that Martinez is receiving medical treatment so inadequate as to warrant his release, particularly given the severity of his criminal conduct

and the length of the sentence imposed.  See United States v. Mejia, 18-CR-557 (VSB), 2021 WL 2554593, at *5 (S.D.N.Y. June 22, 2021) (finding that defendant failed to establish that inadequate medical treatment warranted compassionate release). Consequently, while Martinez has established medical conditions requiring treatment, he has not established that the Bureau of Prisons' response to his conditions constitutes an extraordinary and compelling circumstance requiring a sentence reduction.  See United States v. Saleh, No. 93CR181, 2020 WL 3839626, at *5 (S.D.N.Y. July 8, 2020) ("While this Court is cognizant of [Defendant's] need for medical care, that need alone is insufficient to warrant compassionate release, especially given the severity of his criminal conduct.").

Second, Martinez maintains that his need to care for and assist his elderly mother constitutes an extraordinary and compelling reason for a sentence reduction.  While a defendant's status as the only available caregiver to a close family member may, in some circumstances, constitute an extraordinary and compelling reason for a sentence reduction, see, e.g., United States v. Yoda, No. 15 CR 95, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020) ("the need to care for one's aging and sick parent may, in certain circumstances, warrant a finding that an extraordinary and compelling reasons exists"); United States v. Wooten, No. 3:13-cr-18 (SRU), 2020 WL 6119321, at *4 (D. Conn. Oct. 16, 2020) (recognizing grounds for reduction and collecting cases), such is not the case here.

Even assuming that Martinez's mother requires care and assistance as claimed, Martinez has made no showing that he is the only person who can provide it.  First, Martinez has been in custody since 2008, so he has not been involved in his mother's

hands-on care for nearly 15 years.

Second, Martinez is one of six children born to his mother. See Presentence Investigation Report, Docket No. 631, ¶¶ 80-81. While he maintains that one of his brothers is unsuitable to care for their mother, he concedes that at least one of his sisters is available, though not the ideal choice. See Compassionate Release Motion, Docket No. 712, p. 6. And Martinez gives no reasons why his other siblings are unavailable to care for their mother.[4] See United States v. McBriarty, No. 3:16-cr-109 (SRU), 2021 WL 1648479, at *8 (D. Conn. Apr. 27, 2021) (denying sentence reduction where the defendant's siblings were available to care for their mother and observing that "[a]lthough it seems that McBriarty may be the *best* available caregiver for his ailing mother, he is not her *only* available caregiver" (emphasis in original)).

Third, Martinez fails to establish that no alternative sources of care are available, including other family and friends or social service and community programs. While this Court understands that Martinez and his mother may prefer that Martinez be released to provide any required care and assistance, their preference does not amount to an extraordinary and compelling reason for a sentence reduction. See United States v. Rollins, 19-CR-34S, 11-CR-251S, 2021 WL 5445772, at *4 (W.D.N.Y. Nov. 22, 2021) (denying compassionate release to defendant who was the preferred, but not only, available caregiver); United States v. Wilson, 10-CR-363S (1), 2021 WL 2327312, at *3-5 (W.D.N.Y. June 8, 2021) (denying compassionate release, in part, due to defendant's failure to demonstrate that he was mother's only available caregiver); United States v. Pabon, 17 Cr. 312 (JPC), 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (denying

---

[4] Martinez does report that one of his brothers is deceased. See Compassionate Release Motion, p. 6.

compassionate release for, among other reasons, defendant's failure to show that he was wife's only available caretaker); United States v. Lindsey, No. 13-CR-271-LTS, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (denying sentence reduction on basis that defendant failed to show that no other family member or other caretaker could provide the necessary care).

Accordingly, for these reasons, this Court finds that Martinez has failed to demonstrate circumstances, viewed singly or in combination, that constitute an extraordinary and compelling reason for compassionate release.

**3. Consideration of the § 3553 (a) Factors**

Even if Martinez had demonstrated extraordinary and compelling reasons for a sentence reduction (which he has not), this Court would find that those reasons are greatly outweighed by consideration of the § 3553 (a) factors, and that Martinez's original sentence would be severely undermined by a sentence reduction. See 18 U.S.C. § 3582 (c)(1)(A) (requiring consideration of the applicable § 3553 (a) factors); see also Ebbers, 432 F. Supp. 3d at 426.

The nature and circumstances of Martinez's offense conduct are egregious. He supplied kilogram quantities of cocaine to Quincy Turner, who then sold the cocaine to Quentin Leeper, who then sold the cocaine to other individuals for further distribution in the Jamestown, N.Y., area. See United States v. Martinez, 10-CR-233S (1), 2015 WL 5673115, at *1, *4 (W.D.N.Y. Sept. 25, 2015) (discussing trial evidence in connection with denying post-trial motions). Martinez would also "front" kilogram quantities of cocaine to Turner for the same purpose. See id. Multiple witnesses identified Martinez as the leader and source of supply for this large-scale drug operation. See id.

Martinez also engaged in relevant conduct that was even worse. Coming to believe that Turner was cooperating with law enforcement, Martinez paid Angel Marcial $20,000 to murder him. See generally, Martinez, 2016 WL 4425041, at *4-5 (detailing Martinez's orchestration of Turner's murder). Marcial accepted the contract and enlisted several confederates, four of whom traveled to Jamestown in May 2008 to carry out the murder. See id. at *4-5. Upon arriving in Jamestown, the group met with Martinez, who told them that they could find Turner at a garage where he worked on cars. See id. at *5. The four men traveled to the garage, surveilled it for some time, and then shot Turner multiple times as he worked on a car outside, killing him. See id. After fleeing the scene, the group called Martinez to report that they had killed Turner as directed. See id.

Martinez's personal history and characteristics are unremarkable. He is a 53-year-old man who was raised in an intact family with three other siblings free from unusual problems or abuse. See Presentence Investigation Report, ¶¶ 78-80. He also has several maternal and paternal half-siblings. See id. ¶ 81. Martinez is divorced and has eight children from multiple relationships. See id. ¶¶ 82-87.

In considering the purposes of sentencing, this Court reiterates its previous finding that a life sentence is fair, just, and reasonable, and further finds that the sentence would be severely undermined by a reduction to time served. Such a reduced sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes by the defendant. See 18 U.S.C. § 3553 (a). Such a reduction would also result in unwarranted sentencing disparities. Id.

Finally, as to dangerousness, which is considered in conjunction with the need to

protect the public from future crimes by the defendant, this Court finds that Martinez would pose a clear and present danger to the community if released. As detailed above and in this Court's previous decisions, Martinez was the leader of a large-scale drug operation and contracted for the murder of Quincy Turner to protect his own interests. He also has a lengthy criminal history, with convictions involving threats, violence, and drug-trafficking. See Presentence Investigation Report, ¶¶ 47-54. As the government writes, "[i]t is evident that [Martinez] is willing to kill others and harm society with the belief he is entitled to do so, and his persistent disobedience reflects his belief that he is above the law." Government Response, Docket No. 722, p. 10. This Court therefore has little trouble concluding that Martinez poses a danger if released.

Accordingly, this Court finds that consideration of the § 3553 (a) factors outweighs any extraordinary and compelling reasons for a sentence reduction.

## IV. CONCLUSION

For all of the reasons stated above, this Court finds that a sentence reduction (compassionate release) under 18 U.S.C. § 3582 (c)(1)(A)(i) is not warranted. Martinez's motion will therefore be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Martinez's Motion for Compassionate Release (Docket No. 712) is DENIED.

FURTHER, that Martinez's Motion for a Hearing (Docket No. 732) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Martinez at his correctional institution of record.

SO ORDERED.

Dated:     April 12, 2022
           Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge