UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

JOSE MARTINEZ,

                Defendant.

**DECISION AND ORDER**
10-CR-233S (1)

On July 21, 2021, this Court denied Petitioner Jose Martinez's pro se letter request to amend his counseled motion to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255 on the basis that hybrid representation is not permitted.   (Docket No. 708.) It further provided that any requests for relief must be filed by Martinez's appointed counsel.   (Id.)   Approximately seven weeks later, Martinez filed a pro se motion for reconsideration under Rule 59 (e) of the Federal Rules of Civil Procedure.   (Docket Nos. 710, 711.)   Finding further briefing and oral argument unnecessary, this Court finds that Martinez's motion must be denied.

A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment.   See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.   See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, at *1

1

(W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny a motion to reconsider lies in the court's discretion.   See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983).   Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, at *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire & Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)).   Motions for reconsideration are not to be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision.   See Duane, 1994 WL 494651 at *1.   After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge."   Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

Upon consideration of Martinez's motion, this Court is not convinced that its previous decision must be revisited.   Martinez does not persuasively allege any of the three circumstances under which reconsideration may be warranted.   See Virgin Atl., 956 F.2d at 1255.   He does not allege an intervening change in controlling law or the discovery of new evidence.   Rather, he maintains that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice.   There was, however, no clear error of law nor any manifest injustice.   Hybrid representation is not permitted, and in any event, any possible prejudice or injustice was ameliorated by this Court's denial of

2

Martinez's request without prejudice to a proper motion filed by counsel.   Accordingly, this Court finds no valid grounds for reconsideration.

Further considering Martinez's motion, Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry.   "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).   Relief can also be granted to "correct a clear error or prevent manifest injustice."   Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).   The existence of new evidence may also justify reconsideration.   See Virgin Atl., 956 F.2d at 1255.   The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).   The decision to grant a Rule 59 (e) motion is within the sound discretion of the court.   New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

Here, for the reasons stated above, Martinez's motion fails under Rule 59 (e).   He points to no persuasive matters or controlling caselaw that this Court overlooked nor does he demonstrate any clear error or manifest injustice in this Court's decision.   Moreover, Martinez's motion fails as untimely.   The motion under Rule 59 (e) is therefore denied.

Accordingly, for the reasons stated above, Martinez's motion seeking reconsideration and relief from this Court's previous decision will be denied.

IT HEREBY IS ORDERED, that Petitioner's motion for reconsideration (Docket No. 710) is DENIED.

FURTHER, that the Clerk of Court is DIRECTED to send a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.

Dated:   May 16, 2023
         Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

4